IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02921-DDD-CYC

NICHOLAS RIGATO,

    Plaintiff,

v.

ALLYSSA CAMEY, et al.,

    Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's filing that requests appointment of counsel, ECF No. 87, (the "Motion"). Oral argument will not materially assist in the resolution of this matter, and the Motion is appropriately considered even without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). To be sure, pro bono counsel would aid the plaintiff, as it would in many pro se cases. However, the Court does not find that appointment of pro bono counsel is appropriate in this case at this time. Accordingly, for the reasons that follow, the Motion is **DENIED without prejudice**.

## BACKGROUND

The plaintiff initiated this action by filing a pro se complaint on October 21, 2024, ECF No. 1, and was subsequently ordered to amend his complaint. ECF No. 13. As a result, the Amended Complaint, ECF No. 24, is the operative complaint. The plaintiff proceeds pursuant to 28 U.S. C. § 1915.

The plaintiff alleges that the defendants conspired to commit violations and violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. ECF No. 24 at 12. The amended complaint is lengthy and names approximately thirty defendants. *Id.* at 1–10. The defendants filed a motion to dismiss in which they argue that the plaintiff's complaint fails to comply with Rule 8(a), and in any event, fails to state a claim. ECF No. 55. That motion has not yet been addressed by the Court.

**ANALYSIS**

Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating factors and adding (1) the demonstrated inability of the unrepresented party to retain an attorney by other means and (2) the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d

978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. The plaintiff states that his case is complex and involves tortious conduct. ECF No. 6–9. He also says that the defendants are subjecting him to continuous sleep deprivation and is resulting in him developing a speech impediment, causing him to sweat blood, affecting his breathing and concentration, and creating memory problems. *Id.* at 2–6. The plaintiff's filings, however, demonstrate his ability to navigate this litigation. For example, the plaintiff was ordered to amend his complaint and did so successfully, resulting in this case moving forward. Further, the plaintiff's filings thus far have not demonstrated an inability to articulate his arguments to the Court. Indeed, this Motion spans fourteen pages and includes case law and citations to this District's Local Rules. The plaintiff's Motion, then, demonstrates that the plaintiff, so far, can present his case. Though the plaintiff points to health issues, the Court currently lacks record evidence showing the precise severity of those health issues or the extent to which they interfere with the plaintiff's ability to litigate this case. *See Bertolo v. Benezee*, 601 F. App'x 636, 640–41 (10th Cir. 2015) (holding that the district court did not abuse its discretion in denying the plaintiff appointed counsel because the plaintiff did not indicate how his medical condition would affect his ability to present his case); *cf. McCarthy v. Weinberg*, 753 F.2d 836, 839-40 (10th Cir. 1985) (holding as an abuse of discretion the district court's denial of appointed counsel when the record evidence demonstrated that the plaintiff's medical condition affected his eyesight, hearing, ability to communicate, and comprehend the proceedings). As for complexity, it is true that the currently operative complaint is long and alleges a wide-ranging conspiracy against the plaintiff spanning multiple facilities. But it is yet unclear to what extent all of those

3

factual issues will be live in this case and, as a result, what the case's actual factual complexity will be going forward. Further, given the pending motion to dismiss, it is unclear which, if any, of the plaintiff's claims are meritorious.

In sum, the complexity of the case is not yet clear, it is yet unclear how meritorious the plaintiff's claims are, and the plaintiff so far appears able to present his case to the Court notwithstanding the health and sleep difficulties he outlines in his motion. Should the facts the Court has considered materially change — if, for example, the number of defendants and surviving allegations remain high after resolution of the motion to dismiss — the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at \*5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

### CONCLUSION

For the foregoing reasons, the Motion, ECF No. 87, is **DENIED without prejudice**.

Entered and dated this 18th day of March 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge