IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02921-DDD-CYC

NICHOLAS RIGATO,

Plaintiff,

v.

BRITTANY FARRIS-HERNANDEZ,
CAROL RIGATO,
ALLYSSA CAMEY,
JASMINE LEECHMAN,
TESSA HOLLAND,
LYNN CAPPALUCCI,
JOHNSON,
NICOLE BARAZZA-SANCHEZ,
CASTANEDA,
ALMERBED,
REIL,
NADIA SANTISTEBAN,
MITCH,
SAM LAMBERT,
STICKLE,
MANN,
EVA LITTLE,
REBEKAH SCRIVENER,
YADIREL MORALES-CUEVAS,
VINCENT ROTOLO, and
MALENI MALDONALDO-VELEZ,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter comes before the Court sua sponte due to the plaintiff's failure to respond to the Court's Order to Show Cause, ECF No. 151, by the Court-ordered deadline.

The plaintiff filed this case on October 21, 2024 while an incarcerated inmate. ECF No. 1. There have been six motions to dismiss filed by the defendants in this case. *See* ECF Nos. 55, 62, 100, 117, 142, and 146. The plaintiff has filed only one response to the first of these motions. ECF No. 71. On August 28, 2026, the Court issued a Minute Order, stating that while the deadline for the plaintiff to respond to pending motions to dismiss had long passed, it would extend the deadline to September 14, 2026. ECF No. 149. No response to the pending motions to dismiss came.

On June 3, 2026, the plaintiff filed a notice of a change of address, indicating that he had likely been released. ECF No. 134. A week later, he received e-filing privileges in this Court. ECF No. 139. Since then, he has not responded to anything on the docket. Counsel for some of the defendants attempted to contact the plaintiff in September 2026 to ascertain his position on a motion, but received no response despite efforts made via email and telephone. *See* ECF No. 152 at 1.

On September 16, 2026, the Court issued an Order to Show Cause pursuant to D.C.COLO.LCivR 41.1, which provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

The show cause order directed that "on or before **October 12, 2026**, the plaintiff shall **SHOW CAUSE**, in writing, why the Court should not dismiss his claims without prejudice pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute and failure to comply with a Court order." ECF No. 151 at 3. The order further advised the plaintiff "that his failure to respond to this Order to Show Cause by the Court-ordered deadline may result in this Court dismissing his

claims without prejudice, without further warning from the Court." *Id.* The clerk's office served the Order to Show Cause by email and by mail to the plaintiff. ECF No. 151. To date, the plaintiff has not responded to the Order to Show Cause or any of the motions to dismiss.

In addition to D.C.COLO.LCivR 41.1, Federal Rule of Civil Procedure 16(f) provides in part: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quotation marks omitted). Specifically, a plaintiff's failure to diligently prosecute his case may lead to any of the sanctions identified above, including dismissal of an action. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002); *Arakji v. Hess*, No. 15-cv-00681-CMA-MJW, 2016 WL 759177, at *3 (D. Colo. Feb. 26, 2016) (dismissing case with prejudice for the plaintiff's failure to prosecute). When, as here, the dismissal contemplated is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007); *see Gibson v. Alamosa Police Dep't*, No. 25-1114, 2025 WL 1903681, at *2 (10th Cir. July 10, 2025).

Here, since the plaintiff's apparent release from custody, he has failed to respond to any of the pending motions to dismiss by the deadline provided by the Local Rules, *see* D.C.COLO.LCivR 7.1(d), by the deadline he requested, *see* ECF No. 128, or by the deadline ordered by the Court, *see* ECF No. 149. He has also now failed to respond to the Court's Order to Show Cause by the deadline despite being specifically warned that this failure could result in his claims being dismissed without prejudice. ECF No. 151 at 3.

Based on these failures, demonstrating the plaintiff's failure to diligently prosecute the case, it is hereby **RECOMMENDED** that the Order to Show Cause be **MADE ABSOLUTE** and that the Amended Complaint, ECF No. 24, be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b).[1] *See, e.g.*, *King v. El Paso Cnty. Sheriff's Office*, No. 22-cv-00697-CMA-KLM, 2023 WL 11898804, at *2 (D. Colo. Jan. 30, 2023); *Dixon v. Nielsen*, No. 08-cv-01193-PAB-MEH, 2009 WL 42439, at *4 (D. Colo. Jan. 7, 2009).

It is further **RECOMMENDED** that the CCCF Defendants' Motion to Dismiss, ECF No. 117; defendants Alyssa Carney, Nadia Santiesteban, Mitch Eastin, and Sam Lambert's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6),

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.

ECF No. 142; and defendant Taylor Holland's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), ECF No. 146; each be **DENIED as moot**.

Respectfully submitted this 22nd day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge